UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PIAZZA'S SEAFOOD WORLD, L.L.C.          * CIVIL ACTION

VERSUS                                   * NO. 04-0690

BOB ODOM, INDIVIDUALLY AND AS COMMISSIONER, * SEC. "B"(1)
LOUISIANA DEPARTMENT OF AGRICULTURE & FORESTRY

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 82). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

*BACKGROUND*

Piazza's Seafood World, L.L.C. ("Piazza") filed suit challenging the validity of two state statutes and for damages and attorney's fees. First, LSA-R.S. 3:4517(C) referred to by the parties as the "Catfish Statute", prevented Piazza from labeling his imported catfish as "catfish". Judge Zainey found the Catfish Statute had an actual conflict with federal law and therefore was preempted by federal law due to the Supremacy Clause, and in a subsequent order later pronounced that the law would nevertheless be unconstitutional. Piazza's challenge to the constitutionality of the Catfish Statute on Interstate and Foreign Commerce Clause

1

grounds, and on equal protection grounds, was deemed moot.

The second statute, LSA-R.S. 3:4617(D) and (E), referred to by the parties as the "Cajun Statute", prevented Piazza from using his long-standing trade name "Cajun Boy". Judge Zainey invalidated the Cajun Statute on First Amendment grounds.

Although issues, such as Defendant's Lanham Act Counter-claim and Plaintiff's damage and attorney's fee claim, still remained in the case, Defendant sought immediate appeal. In May 2006, the Fifth Circuit affirmed Judge Zainey's ruling agreeing that the Catfish Statute violated the Commerce Clause of the Constitution and therefore chose not to address the preemption argument or Piazza's other constitutional challenges. The Fifth Circuit also agreed that the Cajun Statute violated the First Amendment. After remand, Judge Zainey granted Piazza's Cross Motion for Partial Summary Judgment dismissing Defendant's Lanham Act counter-claim. Plaintiff's alleged damages and claim for attorney's fees comprise the remaining issues in this action. Plaintiff concedes that if Defendant is immune from damages, then whether or not Plaintiff was in fact damaged is moot.

Defendant Bob Odom contends that in his individual capacity, he is entitled to qualified immunity from suit and from damages. Defendant asserts that Plaintiff has failed to allege a violation of a clearly established right, Plaintiff's constitutional rights were not clearly established at the time of the alleged violation,

and there is no genuine issue of material fact as to whether the Commissioner actually engaged in the conduct that violated Plaintiff's clearly established right.  Defendant also states that his conduct was objectively reasonable in light of clearly established law at the time of the violation.

Plaintiff argues that even if Defendant is entitled to qualified immunity, attorney's fees may still be awarded. Plaintiff asserts that Defendant's argument regarding a constitutional right did not derive from the right to use the word "catfish" on his label; rather, Plaintiff's constitutional rights stemmed from having his inventory seized under an unconstitutional statute.  Plaintiff further argues that Defendant was on notice that his conduct violated a clearly established law, which means his right was clearly established.  Plaintiff further argues that there is no genuine issue of fact regarding whether Defendant engaged in the conduct at issue.  Finally, Plaintiff concludes by stating that Defendant's conduct was not objectively reasonable.

***DISCUSSION***

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

3

as a matter of law. Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Qualified Immunity**

The doctrine of qualified immunity shields a government official from civil liability based upon performance of discretionary functions if the official's acts did not violate clearly established constitutional law that a reasonable person would have known. *Hampton v. Oktibbeha County Sheriff Dept.*, 480 F.3d 358, 363 (5th Cir. 2007). As a matter of public policy,

4

qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 355, 341 (1986).

Claims of qualified immunity from suit and damages under § 1983 are analyzed under a two-prong analysis.  First, the court must determine whether Plaintiff has alleged a violation of a clearly established right.  Second, the court must determine whether Defendant's conduct was objectively reasonable in light of clearly established law at the time of violation.  In order for the court to find Plaintiff has alleged a violation of a clearly established right, (1) the plaintiff must allege the deprivation of a constitutional right, (2) the court must determine whether this right was clearly established at the time of the alleged violation, and (3) the court must determine whether the record at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated this clearly established right.  *Chiu v. Plano Indep. Schl. Dist.*, 339 F.3d 273, 279 (5th Cir. 2003).

On a motion for summary judgment, once a defendant asserts qualified immunity, the plaintiff bears the burden to rebut that defense.  *Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001).  If the Plaintiff fails to show that the defendant both violated a clearly established constitutional right and acted objectively unreasonable under clearly established law existing at

5

the time of the incident, the defendant is then entitled to summary judgment as the defendant enjoys qualified immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 326-327 (5th Cir. 2002); *Garcia v. Montenegro*, 2008 WL 1777005 (W.D. Tex. Apr. 18, 2008).

## 1. Deprivation of a Constitutional Right

With regard to the Catfish Statute, the Fifth Circuit affirmed with the district court ruling that the Catfish Statute violated the Dormant Commerce Clause because it served as "a protectionist measure that discriminate[d] against foreign commerce in favor of local interests." *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 749 (5th Cir. 2006). "State regulations violate the Dormant Commerce Clause by discriminating against or unduly burdening foreign or interstate commerce." *Id*. at 750. The seizure of 30,000 cases of Piazza's catfish unduly burdened Plaintiff's right to engage in interstate commerce. As such, the Court finds a deprivation of a constitutional right.

With regard to the Cajun Statute, Judge Zainey ruled that the Cajun Labeling Law, as applied in this case, violates the First Amendment (Rec. Doc. No. 51). As such, Defendant deprived Piazza's right to commercial speech. Neither the Dormant Commerce Clause nor the First Amendment right to Free Speech extends a right to use a specific word, such as "catfish" or "cajun", but the right to engage in commerce and use speech for the purpose of profit

6

encapsulate the deprivation of constitutional rights at issue
before the Court.

**2.  Plaintiff's Constitutional Rights Clearly Established at
the Time of Violation**

A constitutional right is clearly established if "in light of
pre-existing law the unlawfulness [of the alleged conduct is] is
apparent." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) citing
*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97
L.Ed.2d 523 (1987).  This is true even if the very action had not
been held to be a constitutional violation.  *Hale*, 45 F.3d at 919.
In determining whether a right has been clearly established, a
district court may look to case law to determine whether a right
had been clearly established, but is not limited to this as the
sole means for conducting this analysis.  Officials can be on
notice that their conduct violates clearly established law in novel
factual scenarios provided that the state of the law gives fair
warning that their conduct was unconstitutional.  *Hampton v.
Okitebbha County Sheriff Department,* 480 F.3d 358, 363 (5th Cir.
2007).

In *Louisiana Dairy Stabilization Board v. Dairy Fresh Corp.*,
the Louisiana Dairy Stabilization Board attempted to apply dairy
regulations to out-of-state milk processors who sold their product
to out-of-state customers who resold it in Louisiana, and the Fifth
Circuit, as well as the Supreme Court found such economic

protectionism of its people form competition from interstate trade to be unconstitutional. 631 F.2d 67,70 (5th Cir. 1980), Aff'd, 454 U.S. 884 (1981).  State laws may be invalidated where non-financial regulatory burdens on foreign products make those products unattractive to the market when compared with similar domestic offerings. *See Int'l Packers Ltd. v. Hughes*, 271 F.Supp. 430 (S.D. Iowa 1967); *Armour & Co. v. Nebraska*, 270 F.Supp. 941 (D. Neb. 1967).  The reasoning employed *in Louisiana Dairy*, as well as in *Int'l Packers Ltd.*, and *Armour & Co.,* represent state attempts to protect a domestic market by imposing labeling requirements and restrictions which restrained the market for foreign goods and were violative of the Commerce Clause.  With regard to the Catfish statute, the Court finds that a clearly established right existed at the time of violation.

In *Hays County Guardian v. Supple*, the Fifth Circuit held that although the defendants violated plaintiffs' First Amendment right to free speech, the defendants were not liable for monetary damages or attorney's fees in their individual capacities as they were entitled to qualified immunity since shortly before the time of the alleged illegal acts, similar regulations had been upheld by a district court in this circuit. 969 F.2d 111, 125 (5th Cir. 1992). With regard to the Cajun Statute, this Court previously indicated that it "has no doubt in some cases the use of the term Cajun to describe non-Louisiana products would be inherently

8

misleading and inherently misleading speech is not subject to First Amendment protections." (Rec. Doc. No. 51).   However, because the Cajun Boy crabmeat container had the product's country of origin clearly printed on the outside of the package, the packaging was found not to be inherently misleading, but rather only potentially misleading and subject to First Amendment protections.   Judge Zainey relied upon the Supreme Court rulings in *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 566, 100 S.Ct. 2343, 2351 (1980) and *In re R.M.J.,* 455 U.S. 191, 206, 102 S.Ct. 929, 939 (1982) to guide his analysis of the First Amendment protections extended to potentially misleading commercial speech. Unlike *Hays County Guardian*, Defendant cannot rely upon court decisions within the circuit that have been upheld to justify his actions.   The tests set forth in *Central Hudson Gas & Electric Corp.*, as well as in *In re R.M.J.* serve as clear guidance that the packaging in question was only potentially misleading, and consequently   Plaintiff enjoyed First Amendment Protection regarding his commercial free speech, which clearly existed at the time of Defendant's violation.

   **3.  Genuine Issues Regarding Whether Defendant Actually**
   **Engaged in Conduct that Violated Clearly Established Right**

   Defendant took no action to enforce and was enjoined from enforcing the Cajun Statute against Piazza.   As such, Defendant enjoys qualified immunity as to the Cajun Statute related claims

9

because Plaintiff cannot meet its burden of proving both prongs of this analysis.

With regard to the Catfish Statute, there is no genuine issue of material fact as to whether Defendant directed the seizure of Piazza's inventory and products that had been sold to certain Piazza customers.   Plaintiff successfully establishes the third component of the first prong of Plaintiff's challenge to Defendant's qualified immunity.

**4.  Prong Two:  Objectively Reasonable Conduct in Light of Clearly Established Law at the Time of the Violation**

Under the second prong of the analysis, a defendant's acts are examined in context, and are considered objective reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or federal statute at issue.   *Thompson v. Upshur County, TX*, 254 F.3d 447, 457 (5th Cir. 2001).   Although found by this Court to be unconstitutional, a reasonable person in Defendant's circumstances may have had difficulty discerning whether the legislature's Cajun Statute and its enforcement would be held constitutional if challenged.  After all, the constitutionality of the statute as applied here, turned on the issue of whether the packaging was inherently or potentially misleading, and this Court acknowledged that "in some cases the use of the term Cajun to describe non-Louisiana products would be

10

inherently misleading," which would then deny First Amendment protection.    Therefore, Defendant is entitled to qualified immunity, as Plaintiff fails to carry its burden on the two-pronged analysis for the statutes at issue.

**C.  Attorney's Fees**

Although Defendant enjoys qualified immunity from liability, attorney's fees under 42 U.S.C.A. § 1988 may be awarded against a public official. *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989).  The fact that an official merely performed his or her duty by enforcing a statute does not make an award under §1988 unjust. *Johnson v. Mississippi*, 606 F.2d 635, 637 (5th Cir. 1979).  As such, Defendant's qualified immunity only protects him from personal liability, and this Court may award attorney's fees.  The basis for an award of attorney's fees is Plaintiff's success in obtaining judgments declaring the two state statutes, administered and enforced by Defendant, unconstitutional.  Accordingly, Plaintiff, may be a prevailing party and entitled to reasonable attorney's fees and costs. *Walker v. City of Mesquite, Texas*, 313 F.3d 246, 249 (5th Cir. 2002) (To qualify as a prevailing party a party must obtain an enforceable judgment that materially alters the legal relationship between the parties and modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of judgment).

*CONCLUSION*

For the aforementioned reasons, the Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART and DENIED IN PART,** consistent with the foregoing analysis.  **IT IS FURTHER ORDERED** that Plaintiff shall file and notice for hearing a motion and supporting documentation for attorney's fees and costs, also briefing the issue of prevailing party status and attorney's fees, no later than **June 10, 2008.**[1]  Parties are assigned 30 days from the filing of that motion to complete discovery related to that motion.  No later than **July 13, 2008** Defendant shall file its responsive memorandum to the motion for attorney's fees and costs, with **July 20, 2008** as the due date for Plaintiff's reply memorandum.  A hearing date will thereafter be assigned.

New Orleans, Louisiana, this 22nd day of May, 2008.

IVAN L. R. LEMELLE

UNITED STATES DISTRICT JUDGE

---

[1] Parties should refer to 5th Circuit rulings, such as *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006) when briefing the Court.