```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PIAZZA'S SEAFOOD WORLD, L.L.C.                  *  CIVIL ACTION

VERSUS                                          *  NO. 04-0690

BOB ODOM, INDIVIDUALLY AND AS COMMISSIONER,     *  SEC. "B"(1)
LOUISIANA DEPARTMENT OF AGRICULTURE & FORESTRY
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial or Clarification (Rec. Doc. No. 96) regarding Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 82). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for New Trial or Clarification is **GRANTED** to the extent that further clarification with regard to the "Catfish Statute" shall be provided below. This Order and Reasons remains consistent with this Court's prior order granting in part and denying in part Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 94).

### *BACKGROUND*

In applying the two-pronged analysis for a qualified immunity defense, this Court held that Defendant did enjoy qualified immunity, but also held that qualified immunity does not preclude the grant of attorney's fees (See Rec. Doc. No. 94). While the Court applied all three components of the first prong of the

1

qualified immunity analysis to the "Cajun Statute" and the "Catfish Statute", the Court only applied the second prong to the "Cajun Statute" as opposed to both statutes.  As such, the Court's analysis regarding the second prong of the qualified immunity analysis to the "Catfish Statute" follows below.

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses,

admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.  Qualified Immunity**

The doctrine of qualified immunity shields a government official from civil liability based upon performance of discretionary functions if the official's acts did not violate clearly established constitutional law that a reasonable person would have known. *Hampton v. Oktibbeha County Sheriff Dept.*, 480 F.3d 358, 363 (5th Cir. 2007). As a matter of public policy, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 355, 341 (1986).

Claims of qualified immunity from suit and damages under § 1983 are analyzed under a two-pronged analysis. First, the court must determine whether Plaintiff has alleged a violation of a clearly established right. Second, the court must determine whether Defendant's conduct was objectively reasonable in light of clearly established law at the time of violation. In order for the court to find Plaintiff has alleged a violation of a clearly established right, (1) the plaintiff must allege the deprivation of a constitutional right, (2) the court must determine whether this right was clearly established at the time of the alleged violation,

3

and (3) the court must determine whether the record at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated this clearly established right. *Chiu v. Plano Indep. Schl. Dist.*, 339 F.3d 273, 279 (5th Cir. 2003).

On a motion for summary judgment, once a defendant asserts qualified immunity, the plaintiff bears the burden to rebut that defense. *Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001). If the Plaintiff fails to show that the defendant both violated a clearly established constitutional right and acted objectively unreasonable under clearly established law existing at the time of the incident, the defendant is then entitled to summary judgment as the defendant enjoys qualified immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 326-327 (5th Cir. 2002); *Garcia v. Montenegro*, 2008 WL 1777005 (W.D. Tex. Apr. 18, 2008).

As previously stated, this Court found in its Order and Reasons (Rec. Doc. No. 94) that because Defendant took no action to enforce and was enjoined from enforcing the Cajun Statute against Piazza, Defendant enjoys qualified immunity as to the Cajun Statute related claims because Plaintiff cannot meet its burden of proving both prongs of the qualified immunity analysis. However, the Catfish Statute requires additional analysis under the second prong of objective reasonableness of the qualified

4

immunity defense analysis since there had been a deprivation of a constitutional right, Plaintiff's Constitutional rights had been established at the time of the violation, and no genuine issue of material fact exists as to whether Defendant directed the seizure of Piazza's inventory and products that had been sold to certain Piazza customers.

## C. Prong Two: Objectively Reasonable Conduct in Light of Clearly Established Law at the Time of the Violation

Under the second prong of the analysis, a defendant's acts are examined in context, and are considered objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or federal statute at issue. *Thompson v. Upshur County, TX*, 254 F.3d 447, 457 (5th Cir. 2001). In *Dejesus v. Village of Pelham Manor*, 282 F.Supp.2d 162, 172 (S.D.N.Y. 2003), the court pronounced that "[w]hen government officials are acting in accordance with village ordinances, that such ordinances might later be declared invalid or unconstitutional, does not alter an official's objectively reasonable assumption that he was permitted to act in accordance with that ordinance." Under objectively reasonable conduct standard, an official will be immune if the law with respect to his actions was unclear at the time the cause of action arose or if a reasonable officer could have believed his actions to be lawful, in light of clearly established law and the

information the officer possessed.[1]  *Gutierrez v. City of San Antonio,* 139 F.3d 441, 447 (5th Cir. 1998); *Brannan v. Amato,* 428 F.Supp.2d 523, 530 (E.D. La. 2006); *Cantu v. Rocha*, 77 F.3d 795, 808 (5th Cir. 1996).

In March 2004, the Commissioner served three businesses in Jefferson, Orleans, and Baton Rouge parishes with ACS Stop Orders prohibiting them from selling, moving, or removing fish purchased from or stored on behalf of Piazza due to violations of La. R. S. §4617(c).  The Court later concluded that the Catfish Labeling Law was preempted by federal law, and the Commissioner was thereby enjoined from enforcing it (See Rec. Doc. No. 51).  Subsequent to enjoining Defendant, the Court declared that Catfish labeling law unconstitutional as it violates the Dormant Commerce Clause.  While the mere fact that the Catfish Statute was not yet invalid at the time of enforcement does not mandate a finding that Commissioner Odom's conduct was objectively reasonable, this Court finds the Commissioner's conduct to have been objectively reasonable in light of the circumstances.  Contrary to the defendants actions in *Brannan v. Amato* where the defendants' conduct directly contradicted explicit public school regulations and relevant

---

[1] In response to the Commissioner's argument that the statute precludes only the unqualified use of the term "catfish" for those fish not grown in the United States, the Court indicated that the statute is nevertheless broadly written such that any retailer selling Piazza's product to a consumer would be required to qualify the name of the product (See Rec. Doc. No. 22).

precedent thereby causing their actions to be deemed objectively unreasonable, a reasonable actor could have believed in the circumstances involved in the case at bar that as Commissioner such a statute ought to be enforced. 428 F.Supp.2d 523 (E.D. La. 2006). The Catfish Statute was not in direct contravention to another statute and its unconstitutionality did not prove to be obvious. 428 F.Supp.2d 523, 530 (E.D.La. 2006). While the Fifth Circuit recognized that "Congress may permit a state to enact legislation that would otherwise violate the Commerce Clause," the Fifth Circuit goes on to state that "its intent to do so must be 'expressly stated,'" which was not done here. *Piazza's Seafood World LLC v. Odom,* 448 F.3d 744, 751 (5th Cir. 2006). Commissioner Odom erroneously relied on his interpretation of the purposes of the Lanham Act and 21 U.S.C. § 343(t), rather than the express language contained therein. *Id*. Despite this error, reasonable public officials could differ on the lawfulness of the statute and the Commissioner's presumption of its constitutionality. Therefore, Defendant is entitled to qualified immunity, as Plaintiff fails to carry its burden on the two-pronged qualified immunity analysis for the Catfish Statute, as well as the Cajun Statute at issue.

    New Orleans, Louisiana, this 28th day of July, 2008.

                                    IVAN L. R. LEMELLE
                              UNITED STATES DISTRICT JUDGE