**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PIAZZA'S SEAFOOD WORLD, LLC.**          **CIVIL ACTION**

**VERSUS**                                 **NUMBER: 04-690**

**BOB ODOM**                               **SECTION: "B"(1)**

## ORDER AND REASONS

Before this Court is Plaintiff's Motion to Set Attorney Fees and Costs alleging that pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover attorney's fees and cost. (Rec. Doc. 115-2). The motion is opposed by Defendant's Motion to Traverse an Oppose. (Rec. Doc. 117). For the following reasons, Plaintiff's Motion to Set Fees and Costs should be **GRANTED IN PART**, and **DENIED IN PART**, and Defendant's Motion to Traverse and Oppose is **DENIED** IN PART, and **GRANTED IN PART**. Further **ORDERED** that no later than **September 17, 2009** parties counsel shall meet in an effort to achieve amicable agreement as to the amount of fees and costs to be awarded in view of this opinion, reserving parties' rights to contest on appeal the entitlement findings here.

In the event amicable resolution as to quantum is not timely achieved, an evidentiary hearing on quantum shall be scheduled at a status conference on **September 18, 2009 at 9:00 A.M.** in Chambers with the undersigned.

Piazza's Seafood World, L.L.C., ("Plaintiff") originally

brought suit against Bob Odom, individually, and as Commissioner of the Louisiana Department of Agriculture and Forestry to challenge two statutes. The two statutes Plaintiff challenged as unconstitutional were LSA-R.S. 3:4617(C) ("Catfish Statute"), which regulates the labeling of catfish and LSA-R.S. 3:4617(D)(E), which regulates the use of the word "Cajun" on food products. Plaintiff challenged these statutes under 42 U.S.C. § 1983. This Court "granted summary judgment in Piazza's favor with respect to the statutes and enjoined the Commissioner from enforcing either statute against Piazza, concluding (1) that the Catfish Statute was preempted by 21 U.S.C. § 343(t) and (2) that the Cajun Statute, as applied to Piazza, violated the First Amendment." *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 745-746 (5th Cir. 2006).

Defendant unsuccessfully counterclaimed against Plaintiffs under the Lanham Act; this Court dismissed Defendant's Lanham Act counter-claim. Defendant also appealed the denial of his motion to reconsider as to the Catfish Statute and its partial summary judgment as to the Cajun Statute. He argued on appeal (1) that the district court erred in holding that the Catfish Statute is preempted by 21 U.S.C. § 343(t); (2) that the district court erred in reaching its alternate conclusion that the Catfish Statute violates the dormant Commerce Clause; and (3) that the district court erred in holding that the Cajun Statute, as applied to Piazza, violates the First Amendment. *Id.* at 748. The Fifth

Circuit affirmed this Court's decision, finding the following: (1) that the Catfish Statute violated the dormant Commerce Clause because it was a protectionist measure that discriminated against foreign commerce in favor of local interests; and (2) that the Cajun Statute violated the First Amendment and was more extensive than necessary and invalid as applied to Plaintiff. *Id*. at 749-753.

>    **A.    Attorney's Fees under 42 U.S.C. § 1988**

42 U.S.C. § 1988 provides that the prevailing party in a civil rights action enforcing rights under section 1983 may recover reasonable attorney's fees. *Riddell v. National Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980). "Congress enacted this statute in 1976 to encourage private attorney's general to enforce fundamental constitutional rights under section 1983." *Id*. For a party to be deemed a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement. *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002), (citing *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)). "Enforceable judgments on the merits and consent decrees are sufficient for prevailing party status." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008). In certain

circumstances, a preliminary injunction, which does not necessarily include an admission of liability, may materially alter the legal relationship of the parties to an extent where the plaintiff is a prevailing party under a fee-shifting statute. *Id*. at 526.

In determining the proper award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The following factors are to be considered when setting a reasonable fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). Once determined, the lodestar may be adjusted upward or downward if the *Johnson* factors, not included in the reasonable fee analysis, warrant the adjustment. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.1993). The lodestar, however, is presumptively reasonable

and should be modified only in exceptional cases *City of Burlington v. Dague*, U.S. 112 S. Ct. 2638, 2641(1992).

Generally, prevailing plaintiffs are burdened with showing "the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996). If the record reflects that there is no evidence of billing judgment, however, the court should not deny fees altogether, but the court should reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment. *Walker v. City of Mesquite*, 313 F.3d at 251. What is crucial in determining the reasonableness of a fee award in a civil rights suit "is the degree of success obtained." *Farrar,* 506 U.S. at 114. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

Turning to the instant action, Defendant, in their Motion to Traverse and Oppose, concede that with regard to the Catfish Statute, "admittedly, the Plaintiff is the prevailing party." (Rec. Doc. 117-2 at 5). The issue is whether Plaintiff can be a considered a prevailing party with respect to the Cajun Statute. Defendant contends that because he was held to be immune from damages, he directly benefitted from that judgment of the Court. (Rec. Doc. 117-2 at 4). Thus, with regard to this issue, he is the prevailing party and Plaintiff should be precluded from an award of attorney's fees. (Rec. Doc. 117-2 at 4). Defendant posits that

because the Fifth Circuit found the Cajun Statute invalid as only applied to Plaintiff, the determination of Plaintiff as a prevailing party cannot be made. (Rec. Doc. 117-2 at 3). Defendant also contends that Plaintiff has not suffered any damages related to the Cajun Statute, and as such Plaintiff "should not be considered the prevailing party for the purposes of the award of attorney's fees. (Rec. Doc. 117-2 at 3).

Plaintiff has received relief on the merits of its claims. Under the three prongs necessary for a determination as a prevailing party, Plaintiff has been satisfied by the judgments of district and circuit courts; the legal relationship between the parties was materially altered by the courts' decisions; and Defendant's behavior was modified in a way directly benefitting Plaintiff at the time of judgment. (i.e. Defendant was preliminarily and permanently enjoined from enforcing both the Catfish Statute and the Cajun Statute as it applied to Plaintiff.)

With regard to the effect of Defendant's immunity, Defendant only received qualified immunity from being personally liable for any damages. (Rec. Doc. 94 at 4). "Qualified immunity protects an official from personal liability." *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989). When an action under section 1983 is sought against a public official who is immune from money damages, section 1988 may be awarded against the public official in his

official capacity. *Id*. The Fifth Circuit has awarded attorney's fees under § 1988 against officials enforcing an unconstitutional statute. *Id*., See also, *Johnson v. Mississippi*, 606 F.2d 635, 637 (5th Cir. 1979) (fact that officials merely performed their duty by enforcing statute did not make award under § 1988 unjust). Thus, Defendant's qualified immunity does not affect Plaintiff's right to seek attorney fees associated with their actions under 42 U.S.C. § 1983 in their official capacity.

The Fifth Circuit affirmed this Court's decision, finding the following: (1) that the Catfish Statute violated the dormant Commerce Clause because it was a protectionist measure that discriminated against foreign commerce in favor of local interests; and (2) that the Cajun Statute violated the First Amendment and was more extensive than necessary and invalid as applied to Plaintiff. *Piazza Seafood World, LLC,* 448 F.3d at 749-753. As a result of the decision, Plaintiff received the relief it sought on the merits of its complaint. Defendant's and Plaintiff's legal relationship was materially altered by these decisions, in that Defendant could no longer legally enforce the Cajun Statute or Catfish Statute against Plaintiff. Plaintiff was no longer subject to Defendant's enforcement of either statute because Defendant was preliminarily and permanently enjoined from enforcing the statutes on Plaintiff. Thus, as a result of the Fifth Circuit's ruling, Defendant's behavior was modified to such an extent to benefit Plaintiff.

Accordingly, Plaintiff is a prevailing party with regard to the Catfish and Cajun Statutes, and as such should be awarded attorney's fees pursuant to 42 U.S.C. § 1988.

### B. Attorney's Fees under the Lanham Act

Defendant's counter-claim against Plaintiff under the Lanham Act alleging that consumers were likely confused between Plaintiff's imported seafood and Louisiana grown seafood was dismissed after remand. (Rec. Doc. 115-2 at 3). Plaintiff seeks attorney's fees under the Lanham Act, as a prevailing defendant. (Rec. Doc. 115-2 at 5). The Lanham Act provides that the court in exceptional cases may award reasonable attorney's fees to the prevailing party. 15 U.S.C. § 1117(a). The prevailing party is required to demonstrate the exceptional nature of the case by clear and convincing evidence. *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). Courts permit prevailing plaintiffs to recover attorneys' fees under § 1117(a) if the defendant maliciously, fraudulently, deliberately, or willfully infringes the plaintiff's mark. *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 696-97 (5th Cir. 1992). A prevailing defendant must show bad faith on the part of the plaintiff to recover under the Lanham Act. *Robin Singh Educ. Servs. v. Excel Test Prep*, 291 Fed. Appx. 620, n.621 (5th Cir. 2008). "Courts have defined exceptional cases to be those in which a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Waco*

*Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 536 (5th Cir. 2002) (quoting *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996)).

Plaintiff has failed to prove that Defendant's claim under the Lanham Act was "groundless, unreasonable, vexatious, or pursued in bad faith." *Id*. Plaintiff attempts to paint Defendant's decision to pursue his Lanham Act claim, after this Court's and the Fifth Circuit's decisions, as sufficiently flawed to sustain an award of attorney's fees to Plaintiff. (Rec. Doc. 115-2 at 5). The Fifth Circuit has determined that "a party that predicates its legal claim on a controversial and unsettled legal theory should not face sanctions under either § 1927 or § 1117(a) when the court ultimately rejects the claim." *Proctor & Gamble Co*., 280 F.3d at 531-532. While the timing of Defendant's decision to pursue a Lanham Act claim was questionable, it does not amount to the type of bad faith conduct required under the Lanham Act. Thus, Plaintiff's request for attorney's fees under the Lanham Act fails.

As prevailing party with regards to the Catfish and Cajun Statues, Plaintiff is entitled to reasonable attorneys fees and costs respecting claims asserted thereunder. Unless parties reach a stipulation on quantum prior to September 17, 2009, reserving for appeal objections to entitlement findings in this opinion, a status conference will be held before the undersigned in Chambers on **September 18, 2009 at 9:00 A.M.** At that conference we shall

schedule an evidentiary haring on the amounts of attorneys fees and costs to be awarded.

New Orleans, Louisiana, this 31st day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE