UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PIAZZA'S SEAFOOD WORLD, LLC                     CIVIL ACTION

VERSUS                                          NUMBER: 04-690

BOB ODOM, ET AL                                 SECTION: "B"(1)

## ORDER AND REASONS

Plaintiff files the instant opposed motion to fix attorney's fees and costs at $142,785.25 (Record Document Nos. 115, 124 and 149). This amount excludes any work pertaining to the Lanham Act counter-claim which this Court held was not compensable in its Order and Reasons issued on August 31, 2009 (Record Document Nos. 133 & 143). The requested fees include compensation for representation provided by Attorney Stephen Marx and others at the Chehardy law firm, Professor M. David Gelfand and Attorney Thomas Milliner. Opposing memoranda has been filed by Defendant (Record Document Nos. 117, 139 and 152).

For the following reasons, **IT IS ORDERED** that Plaintiff is hereby awarded $121, 169.63, granting and denying in part the noted motion for fees and costs.

Plaintiff challenged the constitutionality of both the Catfish and Cajun Statutes, which regulate the labeling of catfish and the use of the word "Cajun" on food products (Rec. Doc. 133 at 2). Plaintiff prevailed on both challenges. Plaintiff seeks attorney's

fees under 42 U.S.C. § 1988, which allows the prevailing party under a Section 1983 action to recover reasonable fees. Stephen Marx, a partner of the Chehardy law firm, provided representation to Plaintiff and hired Professor Gelfand as co-counsel due to the complexity of the case. Plaintiff and Defendant dispute the amount of attorney's fees that should be awarded for Gelfand's representation.

Plaintiff argues that it is entitled to compensation for the full amount of the work completed by Gelfand, who billed $85,317.50 for his contribution to the litigation. These fees do not include any work completed on the Lanham Act counter-claim. Although the fees do consist of charges for work on a preemption claim under the Supremacy Clause, Plaintiff argues that these fees are compensable because this claim is a pendant constitutional claim. In the alternative, if the Court decides that attorney's fees associated with the preemption claim are not compensable under §1988, then Gelfand's bill should be reduced by only $5,418.00.

Defendant argues that Gelfand's fees are excessive, duplicative, and unreasonable. Gelfand created billing statements in a block billing format, which makes it impossible to determine how much time he spent on individual tasks or whether he exercised proper billing judgment. Defendant also argues that Plaintiff improperly attempts to reconstruct the hours Gelfand spent on

certain issues by using the timesheets of another attorney who worked with him (Gelfand's own timesheets cannot be found and he is not alive to provide additional detail to the existing billing statements). Defendant requests that Gelfand's hours be reduced by a percentage because of his lack of billing judgment and that Plaintiff not receive compensation for the work Gelfand completed with regards to the preemption claim. Defendant does not object to the hourly rates request by Plaintiff's lead counsel Stephen Marx from 2002 to 2009 (Record Document No. 117 at p. 7).

**Law and Analysis:**

Reasonable attorney's fees are calculated by multiplying the reasonable number of hours spent on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Prevailing plaintiffs have the burden of demonstrating that the number of hours billed was reasonable and not duplicative or excessive. *Leroy v. Houston*, 831 F.2d 576, 586(5th. Cir. 1987). To establish reasonableness, a plaintiff must present well documented billing records and evidence that his attorney exercised proper billing judgment, which is the exclusion of "unproductive, excessive, or redundant hours." *Walker v. United States HUD*, 99 F.3d 761, 769 (5th Cir. 1996). If a plaintiff fails to demonstrate billing judgment, the court must reduce the hours by a percentage, which is "intended to substitute for the exercise of billing

judgment." *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 697 (E.D. La. 2001).

Parties to this case dispute the reasonableness of the number of hours billed by Professor Gelfand, a law professor who was hired for his expertise in constitutional law. Determining the reasonableness of the number of hours Gelfand billed is complicated by the fact that he died and is therefore unavailable to clarify the invoices provided to Piazza (Rec. Doc. 139 at 2). Gelfand's billing statements are organized in a format called "block billing," in which the attorney bills several hours of work for multiple tasks without itemizing the amount of time spent on each task. *See Cristancho v. National Broadcasting Co.*, 117 F.R.D. 609, 610 (N.D. Ill. 1987). Block billing makes it difficult for the court to determine whether the attorney spent excessive time on an individual task or duplicated the efforts of co-counsel. *Id*. The party requesting an award of attorney's fees bears the burden of demonstrating the reasonableness of the hours billed and therefore must provide sufficient documentation for the court to verify that all billed hours have been reasonably expended on the litigation of successful claims. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995).

Each of Gelfand's invoices provide a paragraph summary of multiple tasks completed at various times during the period of time billed to the client. Plaintiff attempts to use the time sheets of

Thomas Milliner, the attorney who worked with Gelfand, to estimate the hours Gelfand spent on individual tasks.  However, Milliner and Gelfand should not receive duplicative credit on each research topic they might have worked on together.  Each of these attorneys are capable and experienced at doing research and writing on constitutional law issues.

In an opinion, when an attorney fails to exercise billing judgment, a reasonable remedy allows for a reduction of the number of hours by a percentage, which generally ranges from fifteen to twenty-five percent. *Walker v. United States HUD*, 99 F.3d 761, 770 (5th Cir. 1996)(granting a fifteen percent reduction in billable hours due to lack of billing judgment); *Compare Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 707 (E.D. La. 2001)(holding that the fee applicant failed to demonstrate even minimal billing judgment and that the billable hours should be reduced by twenty-five percent). Plaintiff suggested a reduction here of ten percent (10%).  The Court further recognizes that if warranted it could also reduce fees here by more than twenty-five percent or reject the application.  In this case, Gelfand's hours should be reduced by twenty-five percent to account for the lack of billing judgment exercised in his documentation and accounting of hours and to avoid duplicative compensation for services that other counsel could have reasonably performed.  Professor Gelfand's distinguished career

ended upon death precluding everyone's ability to further clarify his valuable services in other than block billing format.

Defendant also contests the award of fees for Gelfand's work on the preemption challenge brought under the Supremacy Clause. Defendant argues that Plaintiff is not entitled to attorney's fees for this claim, because it is not within the scope of 42 U.S.C. § 1988. However, the preemption challenge was one of several legal theories used as part of the strategy to attack the Catfish Statute. On August 31, 2009, this Court issued an order allowing Plaintiff to recover attorneys fees as a prevailing party with respect to all claims asserted under the Catfish and Cajun Statutes (Record Document No. 133 at 9). Although the Fifth Circuit did not address the preemption argument, because it found that the Catfish Statute violated the Dormant Commerce Clause (Record Document No. 149 at 3), this argument was inextricably intertwined with Piazza's compensable challenge to the statute. Attorney's fees associated with the preemption challenge may be compensated under 42 U.S.C. § 1988 as a pendant constitutional claim. *Maher v. Gagne*, 448 U.S. 122 (1980) (a pendant constitutional claim is compensable under §1988 even though plaintiff prevailed on a different claim). Compensation for the preemption claim is also available under this Court's prior Order as one of Plaintiff's claims asserted under the Catfish Statute.

The $85,312.50 fee application for Professor Gelfand's hours

should be reduced by twenty-five percent to account for lack of billing judgment. Work completed on the preemption claim is properly compensated pursuant to 42 U.S.C. § 1988.

Accordingly, Professor Gelfand's fees are reduced to $63,984.38, which represents the amount of fees earned after a twenty-five percent reduction in the number of hours billed. After all noted reductions, Plaintiff is awarded a total of $121,169.63 for the following reasonable attorneys' fees:

1) $52,467.75 for the Chehardy law firm;
2) $63,984.38 for Professor Gelfand and Attorney Milliner;
3) $4,717.50 for the Chehardy firm's work on the fee application, after a reduction on account of uncompensable research for Lanham Act fees and settlement work.

New Orleans, Louisiana, this 2nd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE